# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRON DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-20-1109-SLP |
| SCOTT CROW,[1] | ) ) ) |
| Respondent. | ) ) |

## O R D E R

Before the Court is the Report and Recommendation [Doc. No. 26] (R&R) of United States Magistrate Judge Amanda Maxfield Green. Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction in Case No. CF-2016-3321, District Court of Tulsa County, State of Oklahoma. Respondent moved to dismiss the Petition on grounds the claims raised in the Petition are not fully exhausted. *See* 28 U.S.C. § 2254(b)(1). Alternatively, Respondent argued the Court should abstain from exercising jurisdiction over this matter pursuant to the *Younger*[2] abstention doctrine because state post-conviction proceedings remain

---

[1] Petitioner is currently incarcerated at the Lawton Correctional Center, a private prison. The Clerk of Court is therefore directed to substitute Scott Crow, Director of the Oklahoma Department of Corrections, in place of the State of Oklahoma as party respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2][2] *Younger v. Harris*, 401 U.S. 37 (1971).

pending. Judge Green did not address the exhaustion issue and instead recommended dismissal of this action pursuant to *Younger*.

Petitioner timely filed an objection. *See* Obj. [Doc. No. 27]. The Court, therefore, must make a de novo determination of any portion of the R&R to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[3] Although Judge Green recommend dismissal on *Younger* abstention grounds, for the reasons that follow, the Court instead finds dismissal on exhaustion grounds is proper.[4]

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Fontenot v. Crow*, 4 F.4th 982, 1018-19 (10th Cir. 2021). The exhaustion requirement is "designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, – U.S. –, 137 S. Ct. 2058, 2064 (2017) (cleaned up).

---

[3] Citations to the parties' submissions reference the Court's ECF pagination.

[4] The Court has reservations as to whether *Younger* abstention properly applies in the procedural context of this case – i.e., where the conviction is final through direct appeal and the remaining state court proceedings are post-conviction proceedings. The Court deems it unnecessary to decide the issue, however, because the record demonstrates Petitioner's habeas claims are not fully exhausted. If *Younger* abstention were applicable, however, for substantially the same reasons supporting dismissal for failure to exhaust (and for the reasons set forth in the R&R) dismissal on abstention grounds would be proper.

>Petitioner raises the following four grounds for relief in this action:
>
>Ground One: Insufficient evidence of a person responsible for children x 4 health, safety, or welfare & paternity / parentage to sustain child neglect conviction;
>
>Ground Two: Double jeopardy – punished multiple times from a crime arising from alleged single act / sentenced multiple times for a single alleged crime and serving multiple sentences;
>
>Ground Three: Insufficient evidence of the 5th elemental claim (a person who shares a child with another) to sustain the conviction of domestic a&b resulting in great bodily harm; and
>
>Ground Four: Insufficient evidence of the 5th elemental claim (a person who shares child with another) to sustain the conviction of domestic a&b in the presence of a minor.

Pet. [Doc. No. 1] at 5-10.

Petitioner alleges he raised Ground Two on direct appeal. *Id*. at 7. He further alleges ineffective assistance of appellate counsel as the reason that Grounds One, Three and Four were not raised on direct appeal. *Id*. at 5, 8-9, 10. Respondent has moved for dismissal arguing the Petition is a mixed habeas petition, i.e., a petition that raises both exhausted and unexhausted claims. *See* Mot. at 2, 4; *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Respondent does not expressly identify the unexhausted claims but states: "because Petitioner clearly has not exhausted his state court remedies *with respect to most of his claims*, and especially all of his ineffective assistance of appellate counsel claims, this Court should not consider the instant habeas petition at this time." Mot. at 4 (emphasis

added).[5] Respondent further points to a "currently pending" application for post-conviction relief, as referenced in the Petition. *Id.* at 2-3.

Respondent suggests that the claim raised in Ground Two of the Petition – alleging a violation of Petitioner's double jeopardy rights – is exhausted. Mot. at 2. As set forth, Petitioner alleges this claim was raised on direct appeal. *See* Pet. at 7.

The Court, however, finds the claim raised in Ground Two is unexhausted. On direct appeal, Petitioner raised an Oklahoma statutory challenge pursuant to Okla. Stat. tit. 21, § 11 contending he was subjected to multiple punishments for a single act. *See* Br. of Appellant [Doc. No. 21-12] at 19-23. The OCCA found no violation of section 11. *See* OCCA Summ. Op. [Doc. No. 21-13] at 4. But a claim raised under Okla. Stat. tit. 21, § 11 is not the same as a Fifth Amendment double jeopardy challenge and exhaustion of the former is insufficient to establish exhaustion of the latter. *See, e.g., Jacobs v. Allbaugh*, No. CIV-17-1327-D, 2018 WL 4963079 at *1-2 (W.D. Okla. Oct. 15, 2018) (unpublished op.).

As to Petitioner's remaining claims, the record demonstrates he raised challenges to those claims in a third application for post-conviction relief. At the time the R&R was filed, the Magistrate Judge noted that Petitioner had filed a Notice of Intent to Appeal the state district court's denial of Petitioner's third application for post-conviction relief. *See*

---

[5] Petitioner must exhaust claims of ineffective assistance of counsel to the extent those claims are asserted as cause to overcome any procedural default of the four grounds for relief raised in this action. *See, e.g., Pack v. Heimgartner*, 857 F. App'x 992, 994 (10th Cir. 2021) (noting that petitioner would have been required to exhaust "separate ineffective-assistance claim in the state courts before he could use it to establish cause" (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)).

R&R at 5.  Therefore, the Magistrate Judge determined that his state criminal case was "ongoing" for purposes of *Younger* abstention.  *See* R&R at 5.

In objecting to the R&R, Petitioner contends the Magistrate Judge was incorrect. Petitioner argues the state district court had denied his third application for post-conviction relief on March 31, 2021 and, therefore, it was no longer pending.  *See* Obj. at 2.  He further contends the state district court did not mail him a copy of its order denying post-conviction relief in violation of applicable state procedural rules.  And he argues there is no pending state appeal.  *Id*. at 3-4.

However, subsequent to the filing of the R&R and Petitioner's Objection thereto, the Oklahoma Court of Criminal Appeals has recently granted Petitioner leave to file an appeal out of time as to his third application for post-conviction relief.[6]  Petitioner has included in his third application for post-conviction relief the claims raised in Grounds One, Three and Four of the Petition.

Upon de novo review, the Court finds, therefore, that Petitioner's claims are not fully exhausted.  Accordingly, dismissal of the Petition is proper.[7]

---

[6] The Court takes judicial notice of Petitioner's proceedings before the OCCA.  *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=pc-2022-28 (Docket Sheet) (last visited February 14, 2022).

[7] In responding to the Motion to Dismiss, and in subsequent submissions, Petitioner has taken conflicting positions regarding a stay and/or dismissal of this action. *See* Resp. [Doc. No. 22]; *see also* Motions [Doc. Nos. 23, 24, 25].  In his objection to the R&R, Petitioner did not reassert any request for a stay. Thus, the Court has not addressed the propriety of a stay.  *See, e.g*., *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (recognizing a district court's discretion to consider a stay even where the petition is "unmixed").  Without deciding the matter, it appears that Petitioner may be able to timely refile a § 2254 petition utilizing statutory tolling for the periods during which any properly filed state-court applications for post-conviction relief were pending.  *See* 28 U.S.C. § 2244(d)(2).

As a final matter, the Court notes that this is Petitioner's second filing of a § 2254 petition in this judicial district challenging his Tulsa County conviction in Case No. CF-2016-3321.  *See Davis v. Oklahoma*, Case No. CIV-20-519-SLP (W.D. Okla.) (dismissed September 24, 2020).  The Court advises Petitioner that any subsequent proceeding brought pursuant to 28 U.S.C. § 2254 and challenging this Tulsa County conviction should be filed in the district of conviction, the United States District Court for the Northern District of Oklahoma.  *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Although Petitioner is currently confined in this judicial district, and, therefore, concurrent jurisdiction exists, "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction."  *Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (unpublished op.).

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation [Doc. No. 26] to the extent it recommends granting Respondent's Motion to Dismiss [Doc. Nos. 20-21] the Petition, but the Court dismisses the Petition without prejudice on exhaustion grounds.  Based on the dismissal, Defendant's pending Motions [Doc. Nos. 23, 24, 25, 26 and 28] are DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

6

§ 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.  Upon consideration, the Court finds the requisite standard is not met in this case.  Therefore, a COA is DENIED.  The denial shall be included in the judgment.

    IT IS SO ORDERED this 15th day of February, 2022.

                                              SCOTT L. PALK
                                              UNITED STATES DISTRICT JUDGE